# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1    Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. |
|---|

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 300 Grand Street, Waterbury, CT 06702 | ( 203 ) 591 – 3300 | 12/15/2020 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Waterbury | Major: T | Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Umeugo & Associates, P.C. 620 Boston Post Road, West Haven, CT 06516 | 412772 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 931 – 2680 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Mukidi, Eunice<br>Address: 10 Pilgrim Trail, Woodbury, CT 06798 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: The Charlotte Hungerford Hospital       (Agent of Service: Corporation Service Company)<br>Address: 540 Litchfield Street, Torrington, CT 06790  (100 Pearl Street, 17th Floor, MC-CSC1, Hartford, CT 06103) | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 11/20/2020 | *[signature]* | ☐ _____ Clerk | Ikechukwu Umeugo |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons.Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*

   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | | |
|---|---|---|
| **RETURN DATE: DECEMBER 15, 2020** | : | **SUPERIOR COURT** |
| | : | |
| **EUNICE MUKIDI** | : | **J.D. OF WATERBURY** |
| | : | |
| **VS.** | : | **AT WATERBURY** |
| | : | |
| **THE CHARLOTTE HUNGERFORD** | : | |
| **HOSPITAL** | : | **NOVEMBER 20, 2020** |

<u>**COMPLAINT**</u>

<u>**FIRST COUNT:**</u>       **DISCRIMINATION ON THE BASIS OF RACE, COLOR,**
                        **NATIONAL ORIGIN AND RELIGIOUS AFFILIATION/BELIEF**

1.    The Plaintiff, Eunice Mukidi, was a patient care observer (PCO) and was employed in the capacity/position of a patient care observer from February 4, 2019 to March 31, 2020. The Plaintiff was forced to resign and/or constructively discharge due to discrimination on the basis of race, color, national origin, religious affiliation/belief, and a hostile work environment.

2.    The Defendant is a hospital and/or organization doing business in the State of Connecticut.

3.    The Plaintiff is an African American woman and/or black woman and her national origin is Democratic Republic of Congo in Africa.

4.    On March 31, 2020, the Plaintiff was forced to resign and/or constructively discharge by the Defendant employer, who discriminated against the Plaintiff on the basis of race, color, national origin, religious affiliation/belief and created a hostile work environment that made it difficult for the Plaintiff to work. The Plaintiff received a warning on December 2, 2019 for calling out more than three (3) times by Anne Vilhotti

MEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

·20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

(PCO manager), due to the said manager refusing to accept the Plaintiff's paid time off (PTO) while other Caucasian (white) employees, namely Lindsey D' Paul, were not subject to such treatment. Then, the third shift nurse (R.N.) on the 7th floor of the Behavioral Health Psych. Department, Mr. Deryll, placed the Plaintiff in an unsafe situation with another patient that was uncooperative; when the Plaintiff brought this to his attention, he refused to listen and raised his voice at the Plaintiff, but did not treat other Caucasian (white) employees, such as Lindsey D' Paul (white female). There were other instances of aforementioned discriminatory treatment at the emergency room. On December 2, 2019, and as a result of the Plaintiff raising this wrongful and discriminatory treatment, the floor nurse leader, Mr. Adam Belladella (white male), lied to the hospital supervisor, Mr. Steve, and told him that that the Plaintiff was not doing her assignment while in fact the Plaintiff was. The Plaintiff was constantly harassed.

     5.    Further, on December 7, 2019 and January 13, 2020, the Defendant retaliated against the Plaintiff when the PCO manager, Anne Vilhotti, baselessly complained about and reported that the Plaintiff was not doing her job to the HR (Human Resources) with the objective of adverse effect on the Plaintiff after the Plaintiff complained about the discrimination. This was done despite the fact that these other white employees were not better qualified and were not doing their job better than the Plaintiff. On or about October 31, 2019, the Defendant through its employees stated to the Plaintiff "you are one of those people," referring to Jehovah's Witnesses because the Plaintiff does not participate in Christmas holidays or Halloween.

MEUGO & ASSOCIATES, P.C.

ATTORNEYS AT LAW

520 BOSTON POST ROAD

P.O. BOX 26373

WEST HAVEN, CT 06516

TEL. (203) 931-2680

FAX (203) 931-2682

6.   The Plaintiff was wrongfully terminated and/or was constructively discharged/forced to resign under a pre-text. The Defendant's upper management, namely Anne Vilhotti (PCO manager), a white female, has perpetuated and encouraged the said discriminatory treatment.

7.   The Plaintiff was constructively discharged/forced to resign and/or her employment was terminated, and the Plaintiff was replaced with Caucasian employees.

8.   As a result of this wrongful termination and/or constructive discharge and the discriminatory treatment and hostile work environment experienced by the Plaintiff, the Plaintiff experienced serious and severe emotional distress, headaches, high blood pressure, harassment, psychological injury, humiliation, insomnia/sleeplessness, a hostile work environment, and loss of income.

9.   The Defendant, through its agents and employees, discriminated against and harassed the plaintiff as aforementioned because of the Plaintiff's race, color, national origin, and religious affiliation/belief and thus created a hostile work environment.

10.   At all times, the Defendant owed a duty to the plaintiff not to harass or discriminate, pursuant to Connecticut General Statutes § 46a-60 et seq., § 46a-58 et seq. and the Connecticut Fair Employment Practices Act.

11.   On March 2, 2020, the Plaintiff filed a charge of discrimination based upon race and color. These actions are in violation of Connecticut General Statutes § 46a-60(a)(1), § 46a-58(a), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991, with the CHRO (Commission on Human Rights and Opportunities) (#2030433) and the EEOC (Equal Employment Opportunities

MEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

;20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

Commission) (#16A-2020-00728) A true and correct copy of the charge is attached to this complaint as Exhibit 1 and is incorporated by reference. The Plaintiff received a notice of Release of Jurisdiction from the CHRO dated September 10, 2020.  A true and correct copy of the notice is attached to this complaint as Exhibit 2 and is incorporated by reference.

12.  As a direct and proximate result of the actions taken by the Defendant as set forth above, the Plaintiff has suffered substantial injury including injury to her physical and mental health, emotional distress, headaches, high blood pressure, insomnia/sleeplessness, good name and reputation, humiliation, anguish, embarrassment, mortification and outrage, hostile work environment, her name was defamed, and a permanent impairment to her income potential and lost wages.

**SECOND COUNT:**　　　　**INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS**

1-12. The Plaintiff incorporates by reference each allegation set forth in Count One, paragraphs 1-12 above as though repeated with particularity herein.

13. The Defendant, as aforementioned, and through its agents and employees discriminated against, harassed and terminated the Plaintiff because of the Plaintiff's race and color in violation of state and federal laws, such was extreme and outrageous and created an unreasonable risk of causing the Plaintiff emotional distress.

14. The Defendant's aforementioned conduct was outrageous and violated all that is considered tolerable in society.

MEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

i20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

15. The Defendant knew and/or recklessly disregarded the fact that its extreme and outrageous conduct caused the Plaintiff to suffer mental and emotional harm.

16. The acts of the Defendant resulted in the wanton and intentional infliction of emotional distress upon the Plaintiff. In addition, the Plaintiff experienced embarrassment, fear, pain, humiliation, stress, anxiety, emotional distress and physical health problems, and a permanent impairment to her income potential and lost wages.

**THIRD COUNT:     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1-12. The Plaintiff incorporates by reference each allegation set forth in Count Two paragraphs 1-12 above as though repeated with particularity herein.

13. The Defendant, as aforementioned, and through its agents and employees discriminated against, harassed and terminated the Plaintiff because of the Plaintiff's race and color in violation of state and federal laws, such was extreme and outrageous and created an unreasonable risk of causing the Plaintiff emotional distress.

14. The conduct of the Defendant created an unreasonable risk of causing the Plaintiff emotional distress.

15. The Defendant knew or should have known and/or negligently disregarded the fact that their conduct caused the Plaintiff to suffer mental and emotional harm, as well as injury to her self-esteem and sense of self-worth.

16. The acts of the Defendant resulted in the negligent infliction of emotional distress upon the Plaintiff. In addition, the Plaintiff experienced pain, humiliation, stress, anxiety, emotional distress and physical health problems, and a permanent impairment to her income potential and lost wages.

MEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

I20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

**WHEREFORE**, the Plaintiff claims:

    a)      damages; and

    b)      such other relief as the Court deems fair and equitable.

THE PLAINTIFF,
EUNICE MUKIDI

BY:     _____

IKECHUKWU UMEUGO
HER ATTORNEY
UMEUGO & ASSOCIATES, P.C
620 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516
(203) 931-2680, JUR# 412772

MEUGO & ASSOCIATES, P.C.

ATTORNEYS AT LAW

·20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

RETURN DATE:  DECEMBER 15, 2020 :     SUPERIOR COURT

EUNICE MUKIDI               :     J.D. OF WATERBURY

VS.                            :     AT WATERBURY

THE CHARLOTTE HUNGERFORD  :
HOSPITAL                         NOVEMBER 20, 2020

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than Fifteen Thousand Dollars ($15,000.00),

exclusive of interest and cost.

THE PLAINTIFF,
EUNICE MUKIDI

BY:                             _____

IKECHUKWU UMEUGO
HER ATTORNEY
UMEUGO & ASSOCIATES, P.C
620 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516
(203) 931-2680, JUR# 412772

MEUGO & ASSOCIATES, P.C.
ATTORNEYS AT LAW

20 BOSTON POST ROAD
P.O. BOX 26373
WEST HAVEN, CT 06516

TEL. (203) 931-2680
FAX (203) 931-2682

7

# EXHIBIT #1

**EXHIBIT**

ALL-STATE LEGAL

STATE OF CONNECTICUT – CHRO Regional Offices

## APPEARANCE FORM – DISCRIMINATION CASE
(Send to CHRO OFFICE WHERE THE CASE IS PENDING USING MAILING ADDRESSES BELOW)

**CAPITOL REGION OFFICE**
450 Columbus Boulevard
Hartford, CT 06103

**WEST CENTRAL REGION OFFICE**
Rowland State Government Center
55 West Main Street, Suite 210
Waterbury, CT 06702-2004

**SOUTHWEST REGION OFFICE**
350 Fairfield Avenue, 6th Floor
Bridgeport, CT 06604

**EASTERN REGION OFFICE**
100 Broadway
Norwich, CT 06360

**HOUSING COMPLAINTS**
Housing Discrimination Unit
450 Columbus Boulevard
Hartford, CT 06103

*[Stamp: STATE OF CONNECTICUT MAR – 2 2020 Comm. On Human Rights & Opportunities WEST CENTRAL]*

**CASE NAME (First Named Complainant v. First Named Respondent)**

Eunice Mukidi _____ v. ___ Charlotte Hungerford Hospital _____

| | |
|---|---|
| | Case No. |

**PLEASE ENTER THE APPEARANCE OF:** ___ Umeugo & Associates, P.C. ___

| | |
|---|---|
| | Juris No. 412772 |

Name of Official, Firm, Professional Corp., Individual Atty., or Pro Se Party (See Pro Se Parties Notice below)

Mailing Address (No., Street, P.O. Box) ___ 620 Boston Post Road, P.O. Box 26373 ___

West Haven _____ CT ___ 06516 ___
City/Town                     State        Zip Code

Email _ umeugoand.associates@snet.net ___

| | |
|---|---|
| Tel. No. (203) 931-2680 | |
| Fax No. (203) 931-2682 | |

In the above-entitled case for: (select one)
- ☑ The Complainant    ☐ All Complainants    ☐ The Respondent    ☐ All Respondents
- ☐ The following Complainants only: _____
- ☐ The following Respondents only: _____

Note: If counsel has already appeared for the party or parties indicated above, state whether this appearance is:
- ☐ No other counsel has appeared for the party or parties indicated above.
- ☐ In lieu of appearance of the following named attorney or firm already on file:
- ☐ In addition to appearance already on file.
- ☐ I am appearing *pro hac vice* and have permission from superior court to appear in this matter. (Attach the court's permission to this appearance)(Requirement effective as of January 1, 2017.)

| **Signature** (Individual attorney or pro se party) | **Name of Person** Signing at Left (Print or Type) | **Date Signed** |
|---|---|---|
| | Ikechukwu Umeugo | 1/27/2020 |

## CERTIFICATION

I hereby certify that a copy of the above was mailed/delivered to:
- ☑ All counsel, including Commission counsel and pro se parties of record.
- ☐ Counsel or the party who appearance is to be replaced (For "in lieu of" appearances)

**Signature** (Individual attorney or pro se party)     **Date Copies Mailed/Delivered** 1/27/2020

List below the name of each party served and the address at which service was made (attach additional sheet if necessary)

*Notice to Pro Se Parties – A pro se party represents himself or herself. It is your responsibility to inform the CHRO if any of your contact information, including your address, changes.



**State of Connecticut**

## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Legal Division - 25 Sigourney Street, 7th Floor, Hartford, CT 06106

*Promoting Equality and Justice for all People*

### BEFORE YOU BEGIN...

The attached fillable CHRO complaint and related forms have been posted on the internet for your convenience. We understand that people are not always able to come to an appointment at the CHRO to get our assistance in drafting a complaint, that you may prefer not to wait for an intake appointment or that you may not need our assistance to file a complaint.

Only you can decide whether to complete the forms yourself or schedule an appointment so we can assist you. You may want to seek the assistance of a lawyer to help you decide what to do.

If you want to fill in the complaint and related forms yourself, please print it out and sign the complaint in front of an attorney or a notary. Make a copy of all of the forms and mail the original forms to the appropriate regional CHRO office using the link provided below.

Although we are providing this tool to fill out a complaint on your own, we are still available to sit down with you to review the forms you filled out or to help you draft your complaint. We want to help.

If you have any questions or would like our assistance please contact the CHRO office that covers the city or town where the alleged discrimination took place. For a list of cities and CHRO offices go to:

http://www.ct.gov/chro/cwp/view.asp?a=2523&Q=315790

**Contact the Fair Housing Unit at (860) 541-3403 if you want to file a housing discrimmination complaint. Do not use these forms.**

F103

**State of Connecticut**
**Commission on Human Rights and Opportunities**

AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

| For CHRO Office Use Only | |
| --- | --- |
| Date Filed: _____ | Case No: _____ |

My name is <u>Eunice Mukidi</u>
And I reside at <u>302 Tuttle Road, Woodbury, CT 06798</u>
My mailing address is (if different than street address) <u>P.O. Box 3246 Waterbury, CT 06705</u>
My telephone number is (home) <u>(203) 707-9519</u> (cell) <u>(203) 707-9519</u>
My email address is _____
The respondent is <u>Charlotte Hungerford Hospital</u>
Whose business address is <u>540 Litchfield Street, Torrington, CT 06790</u>
The alleged discrimination took place in the town/city of _____
The last discriminatory action took place on or about _____

I was
☐ denied reasonable accommodation on the basis of a disability on or about _____
☐ terminated on or about _____      ☐ suspended on or about _____
☐ laid off on or about _____           ☐ not recalled on or about _____
☐ demoted on or about _____          ☒ harassed on or about <u>12/10/19</u>
☐ poorly evaluated on or about _____  ☒ warned on or about <u>12/2/19</u>
☐ sexually harassed on or about _____ ☐ denied a raise on or about _____
☐ earning unequal pay on or about _____ ☐ transferred on or about _____
☒ delegated unequal duties on or about <u>12/10/19</u> ☐ constructively discharged on or about_____
☒ delegated difficult assignments on or about <u>12/10/19</u> ☐ not hired on or about _____
☐ placed on probation on or about _____ ☐ not promoted on or about _____
☐ given reduced duties on or about _____ ☐ less trained on or about _____
☐ denied equal services on or about _____ ☒ retaliated against on or about <u>01/13/2020</u>
☒ discriminated against in terms and conditions of employment on or about <u>12/10/19 and 1/13/2020</u>
☐ other _____ on or about _____

And believe that my
☐ age _____ date of birth: ____-____-____   ☐ marital status (IDENTIFY): _____
☐ physical disability (IDENTIFY): _____  ☒ race (IDENTIFY): <u>Black (African American Woman)</u>
☐ learning disability (IDENTIFY): _____  ☒ color (IDENTIFY): <u>Black</u>
☐ mental disorder (IDENTIFY): _____     ☒ national origin (IDENTIFY): <u>Congo</u>
☐ sexual orientation (IDENTIFY): _____  ☐ ancestry (IDENTIFY): _____
☐ gender identity or expression _____   ☐ alienage (IDENTIFY): _____
☐ sex: ☐ male ☐ female                            ☐ intellectual disability: _____
☒ religious creed/creed (IDENTIFY): _____ ☐ sex: PREGNANCY _____
☐ previously opposed, filed or assisted           ☐ prior criminal record (state employment only)
☐ other

Was/were in part a reason in this action.

F103

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**Directions: if any information is irrelevant write "n/a". If any information is unknown write "unknown" If you need to add additional information please add an additional sheet of paper and identify which paragraph it relates to.**

1. I worked or applied to work for respondent at the following location:
   540 Litchfield Street, Torrington, CT 06790

2. The respondent employs at least _____500_____ people.

3. I began working for the respondent on or about: 02/04/2019
   Or I applied to work for the respondent on or about: _____

4. My most recent job title was/is: PCO (Patient Care Observer)

5. I believe respondent discriminated against me on __12/02/19, 12/01/19, 01/13/20__ when
   (a) Monday 12/02/19 warning for calling out more than three (3) times, by Ann Valhott (PCO Manager), due to her refusing to accept my PTO (Paid Time Off), while other caucasian employees were not subjected to such treatment.
   (b) Third (3rd) Shift Nurse (R.N.) on the 7th floor Behavioral Health Psych Department, Mr. Deryll, placed me in an unsafe situation with another patient that was uncooperative. When I brought to his attention, he refused to listen and raised his voice at me, but does not do that to other white employees, such as Lindsey Dpaul (white female).

6. The following individuals not of my class bases were treated more favorably: (a) Lindsey Dpaul (white female) (b) Lindsey Dpaul (white female)
   when (a) 12/02/19 (b) 01/13/20

7. **For harassment claims only**: The person who harassed me was/is ☒ a supervisor or ☐ a co-worker. I reported the harassment on _____12/02/19_____ and as a result of my report
   The floor nurse leader, Mr. Adam Belladella (white male), lied to the Hospital Supervisor, Mr. Steve, that I was not doing my assignment, while in fact I was.

8. **For retaliation claims only**: I complained about discrimination to The PCO Manager, Anne Vilhotti
   on _____12/07/19_____ and as a result of my report : She complained and reported me to HR with the objective of adverse effect on my employment.

☐ I request that those individuals or entities also be named as Respondents to this action.

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

9. <u>For disability claims only</u>: On _____ I was diagnosed with the following disability/disabilities _____
I believe the respondent was aware of my disability/disabilities because:
_____
_____

10. <u>For disability/reasonable accommodations claims only</u>. I asked the respondent for the following accommodation(s) to assist me with my disability: _____
_____
I made this request to _____ ☐verbally on or about _____
and/or☐ in writing on or about _____. After I made the request the respondent responded in the following way _____
I was unhappy with the way the respondent responded because:_____
_____
_____
_____

11. <u>For perceived disability claims only</u>: Although I am not disabled, I believe the respondent believed I had the following disabilities:_____
_____
and treated me differently based on what belief in the following way(s): _____
_____
_____
_____

12. <u>For pregnancy discrimination claims only</u>: I was pregnant from on or about _____
to _____ and the respondent knew about my pregnancy because:_____
_____
The respondent took the following action(s) against me which I believe was based on my pregnancy:_____
_____
_____
_____

13. <u>For aiding and abetting claims only</u>: I believe the following individuals or entities abetted the respondent in the discrimination I alleged above _____
and their mailing address(es) is/are _____
The actions these individuals took are:
_____
_____
☐ request that those individuals or entities also be named as Respondents in this action.

14. Any other information that is important about this case:_____
_____
_____

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

15. I therefore charge the Respondent(s) with discriminating against me based on my protected class base(s) and I request all damages that I might be entitled to under the relevant statutes.

IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

___Eunice Mukidi_____ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at ____WEST HAVEN____, Connecticut this 27TH day of January_____
20_20_____.

X _____
(Complainant's Signature)

Subscribed and sworn to before me this _____ day of _____ 20_20__

_____
Notary Public or Commissioner of
the Superior Court

My Commission Expires:_____

CAPRI ISABELLA HUFFSTUTLER
NOTARY PUBLIC OF CONNECTICUT
My Commission Expires 8/31/2023

F103

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**COMPLAINANT WITNESS LIST**

EUNICE MUKIDI
_____
**COMPLAINANT**

**VS.**

CHRO NO.: _____

DATE FILED: _____

CHARLOTTE HUNGERFORD HOSPITAL
_____
**RESPONDENT(S)**

Witness Name:
Address:
Telephone
Relationship to Incidents:
List Specifics to which this person can testify

Witness Name:
Address:
Telephone
Relationship to Incidents:
List Specifics to which this person can testify

Witness Name:
Address:
Telephone
Relationship to Incidents:
List Specifics to which this person can testify

(Use additional sheets if necessary)

[X] I have no witnesses at this time.

X _____
**Complainant's Signature**

X   01/27/2020
_____
**Date**

F001(7)

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**NOTICE TO COMPLAINANT OF DUTY TO COOPERATE**

Case No. _____

I, ___Eunice Mukidi___, understand that it is my duty to respond timely to any information and/or assistance requested of me by the Commission and to cooperate with the Commission at all times. Further, I understand that it is my sole duty and responsibility to notify the Commission of my whereabouts at all times throughout the pendency of this complaint and, in the event my address and/or telephone number changes, it is my duty to notify the Commission immediately. In this respect, I represent that the individual named below, whose address and telephone number is as stated, will always know my whereabouts and can always contact me:

Complainant MUST COMPLETE. Please identify someone who does not reside with you!

Contact Name: Ikehcukwu Umeug, Esq.

Contact Address: 620 boston Post Road, West Haven, CT 06516

Contact Phone: (203) 931-2680          Phone 2 _____

Additionally, I will provide copies of the following documents to the Commission upon my receipt of them. {check applicable boxes]

[X] yes [ ] no   a) Copies of any and all decisions and/or determinations made by CT Dept of Labor, Div. of Unemployment Compensation, respecting my eligibility to receive Unemployment Insurance Compensation.

[X] yes [ ] no   b) copies of any writing that my employer gives to CT Dept of Labor as to its consent and/or objection to my receiving benefits.

[X] yes [ ] no   c) copies of any transcripts and/or tape recordings of testimony given by myself and my employer to the CT Dept of Labor.

[X] yes [ ] no   d) copies of any union grievances filed by co-workers or myself challenging the company's behavior, the outcome of the grievances, etc.

[X] yes [ ] no   e) other information, please describe:

If at any time the Commission is unable to contact me, the Commission will be deemed to have provided me with actual notice by mailing two letters first class mail to my last known address. It will be presumed that once the letters have been mailed that I have received the correspondence unless the letters are returned to the Commission by the Post Office
CHRO No./Name:

For the purposes of the EEOC notice requirement, when the Commission is unable to contact me, a letter will be sent certified mail, return receipt requested. Once this letter has been mailed I will be deemed to have received actual notice.

X _____          X   1/07/2020
Complainant's signature                 Date

F002                    Page 1 of 2

| CHARGE OF DISCRIMINATION<br>THIS FORM IS AFFECTED BY THE PRIVACY ACT OF 1974; SEE PRIVACY ACT STATEMENT BEFORE COMPLETING THIS FORM. | AGENCY<br>FEPA<br>XX EEOC | CHARGE NUMBER |
|---|---|---|

CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br><br>Eunice Mukidi | Home Telephone (include area code)<br>(203) 707-9519 |
|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br><br>302 Tuttle Road, Woodbury, CT 06798 | Date of Birth<br>02/22/1993 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW).

| NAME<br><br>Charlotte Hungerford Hospital | NUMBER OF EMPLOYEES, MEMBERS 1,000.00 | Telephone (include area code)<br>(860) 496-6666 |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br><br>540 Litchfield Street, Torrington, CT 06790 | | COUNTY<br>Litchfield |
| NAME | | Telephone (include area code) |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE AREA)<br>[X] Race: [X] Color: [ ] Sex [X] Religion [X] National Origin [X] Retaliation<br>[ ] Age [ ] Disability [ ] Other (specify) | Date Discrimination Took Place Earliest    Latest<br>1/13/2020<br>[ ] Continuing Action |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**FOR EEOC/CHRO USE ONLY**
The particulars of this charge of discrimination are set forth in my complaint number
_____ Which I filed with the Connecticut Commission on Human Rights and Opportunities on
_____ And which are attached hereto and incorporated as if fully set forth herein.

| I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | Notary (When necessary for State and Local Requirements)<br>CAPRI ISABELLA HUFFSTUTLER<br>NOTARY PUBLIC OF CONNECTICUT<br>X _____    My Commission Expires 8/31/2023<br>Signature of Notary |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>X _____<br>Signature of Complainant |
| X 01/17/2020          X _____<br>Date                    Charging Party(signature) | Subscribed and sworn to before me this date<br>(Day, month, year)    1/17/2020 |

EEOC Form 5 (Rev. 3/01)

EEOC Charge Form

### PRIVACY ACT STATEMENT

CHRO No. _____

*(This form is covered by the Privacy Act of 1974, Public Law 93-579: Authority for requesting the personal data and the uses given below).*

1. *FORM NUMBER/TITLE/DATE. EEOC Form 5, CHARGE OF DISCRIMINATION, March 1984*
2. *AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626.*
3. *PRINCIPLE PURPOSE(S). The purpose of the charge, whether recorded initially on this form or in some other way reduced to writing and later recorded on this form, is to invoke the jurisdiction of the Commission.*
4. *ROUTINE USES. This form is used to determine the existence of facts which fall within the Commission's jurisdiction to investigate, determine, conciliate and litigate charges of unlawful employment practices. Information provided on this form will used by Commission employees to guide the Commission's investigatory activities. This form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. A copy of this charge will ordinarily be served upon the person against whom the charge is made.*
5. *Whether disclosure is mandatory or voluntary and effect on individual for not providing information. Charges must be in writing and should identify the parties and action or policy complained of. Failure to have a charge which identifies the parties in writing may result in the Commission not accepting the charge. Charges under Title VII must be sworn to or affirmed. Charges under the ADEA should ordinarily signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to provide the requested information.*
6. *[ ] Under Section 706 of Title VII for the Civil Rights Act of 1964, as amended, this charge will be deferred to and will processed by the State or Local Agency indicated. Upon completion of the agency's processing, you will be notified of its final resolution in your case. If you wish EEOC to give a Substantial Weight Review tot he agency's findings you must request to do so, in writing, within fifteen (15) days of your receipt of the agency's finding. Otherwise, we will adopt the agency's finding as EEOC's and close your case.*

*Notice of Non-retaliation Requirements*

*Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, state:*

> *It shall be an unlawful practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed a practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this title.*

*The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.*
EEOC Form 5

# NOTICE OF RIGHT TO REQUEST REVIEW

This notice is to inform you that the charge to which you are a party, filed with both the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the federal Equal Employment Opportunity Commission (EEOC), will be processed by the CCHRO.

In accordance with the Commission's Procedural Regulations, the Commission will accept the CCRHO's final finding or resolution of the charge and adopt it as its own unless a party to the charge requests the EEOC to conduct a review of the CCHRO's final action.

To exercise this right you must submit your request for review, in writing, to the EEOC office at the following address:
**Equal Employment Opportunity Commission, John F. Kennedy Federal Building, 475 Government Center, Boston, MA 02203,** within fifteen (15) days of the date on which you receive the CCHRO's notice of its final findings.

If you have any questions concerning this notice or your right to request review, please contact this office at (860) 886-5703.

## I AKNOWLEDGE RECEIPT OF THIS NOTICE

X _____          1/27/2020 _____
Signature of Complainant              Date

Charlotte Hungerford Hospital _____
Respondent's Name

CCHRO/FEPA No.: _____

EEOC No.: 16A _____

State of Connecticut
Commission on Human Rights and Opportunities
**AUTHORIZATION TO RELEASE**
**INFORMATION FROM THE RECORDS OF**

Case No. _____

EUNICE MUKIDI
(Name of Undersigned)

I authorize disclosure by _____

to the representative of the CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES of the information and record specified below that concern my complaint filed with the COMMISSION.

[X]   Medical Records

[X]   Personnel Records

[X]   Credit Rating, or information as listed below:

X _____          1/27/2020
(Signature of Complainant)            (Date)

02/22/1993
(Date of Birth)

302 Tuttle Road, Woodbury, CT 06798          (203) 707-9519
(Address)                                    Telephone Number

State of Connecticut
Commission on Human Rights and Opportunities

## REMEDIES AND/OR DAMAGES WORKSHEET

*If You Win Your Case*

Case No._____

If your claim of illegal discrimination is successfully established, the Connecticut Commission on Human Rights and Opportunities (CHRO) may be able to obtain for you, the complainant:

- back pay minus interim earning (such as unemployment compensation, earning from other job, etc.);
- reinstatement; and
- restoration of fringe benefits

If you have been discharged from employment, it is your duty to *look for other work* even if you have filed a charge of discrimination. You may be required to provide CHRO a record and evidence of your attempts to find work. Please keep accurate records of all such attempts.

**In most cases, the Commission cannot recover attorney's fees or emotional distress damages.**

**Information necessary to calculate your damages**
(If you need more space, please attach additional sheets.)

Date of discharge/failure to hire/failure to promote: _____

Pay rate: _____$15.00_____ per hour

Number of hours worked per week: ____40____

Did you work overtime regularly? ☑Yes ☐No

If yes, how often and how many hours per week: Every other week, 10 hours

Other actual out-of-pocket expenses (medical, etc.) _____

Do you want to go back to work for the respondent? ☐Yes ☐No   N/A

If you have been discharged, please list your other earnings: _____

Please describe any other non-monetary damages you believe you may be entitled to:

X _~~signature~~_                              1/27/2020
Complainant's signature                        Date

Note: CHRO may require you to provide copies of various employment documents, which may include: W-2 forms, pay stubs or other documents showing pay history or tax returns.

Last revised 1/10/02

State of Connecticut
Commission on Human Rights and Opportunities

**INFORMATION REGARDING COMPLAINTS PREVIOUSLY FILED WITH THE COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

CHRO NO. _____

[X] **I have not** filed previous complaints with the Commission.

[ ] I **have filed** previous complaints with the Commission.

Please provide the following information on complaints you have previously filed:

CHRO Case Number/Name:_____

Incident(s) alleged:_____

CHRO Case Number/Name: _____

Incident(s) alleged: _____

X _____
Signature

_1/27/2020_____
Date

Form 103(1)
Addendum (

State of Connecticut
Commission on Human Rights and Opportunities
Complaint Filing Check List

Did You

☐ Read the Affidavit for accuracy?

☐ Sign the Affidavit and EEOC charge form before a Notary Public or Attorney?

☐ Complete the other filing documents to the best of your ability?

☐ Mail the entire package back to the Commission for processing?

State of Connecticut
Commission on Human Rights and Opportunities
## GENERAL NOTICE:
## PARTIES' RIGHTS, DUTIES AND RESPONSIBILITIES

### PURPOSE OF MEMORANDUM

This memorandum briefly introduces the Commission's complaint investigation procedures. It is not a substitute for the statutes and regulations that govern Commission investigations. These provisions are available on the Commission's website, www.ct.gov/chro along with other helpful information. Make sure you look at our statutes and regulations if you want to have a more complete understanding of our investigative process.

### ARTICLE I – PARTIES' RIGHTS AND DUTIES

### SECTION 1: DUTY TO COOPERATE

Parties have a duty to cooperate with the Commission. Parties must respond to any information or assistance requested by the Commission within the time given to reply.

The Commission must be able to contact you by telephone, email or regular mail at all times. If your email address, street address or telephone number changes, you must notify the Commission immediately in writing. If a party's contact information is not accurate and up to date, the Commission may dismiss the complainant's complaint or default the respondent.

### SECTION 2: RIGHT TO COUNSEL

You may have an attorney represent you if you choose to hire one. Commission legal counsel represents the Commission and not the parties.

### SECTION 3: DUTY TO PROVIDE OTHER PARTY WITH INFORMATION

When you send a document or other evidence to the Commission, you must send a copy of the same document or evidence to the other party. Attach a certification to whatever you are filing with the Commission that lists the name and address of the person(s) you have copied. If you do not attach a certification, the Commission may not accept the document.

If a party is represented by an attorney, you only need to send a copy of the document or other evidence to the attorney. You do not need to provide a separate copy to the party.

### SECTION 4: RESPONDENT'S DUTY TO ANSWER UNDER OATH

The respondent must file with the Commission a written answer to the complaint under oath within 30 calendar days of the receipt of the complaint. One 15 day extension may be granted by the Commission for good cause.

### SECTION 5: FORM OF OATH

The answer must be under oath. While the form of the oath is optional, the requirement of an oath is not. Answers not filed under oath are subject to default as outlined in Article II, Section 9.

State of Connecticut
Commission on Human Rights and Opportunities

The following is a form of the oath that may be used:

O A T H

State of Connecticut

County of <u>New Haven</u>   ss. <u>(name of town where oath taken)</u>   West Haven

Personally appeared (name of respondent, president or other competent witness) and made oath to the truth of the matter contained in the foregoing answer before me on this ___27th___ day of __January__, 2020

_C. Huffstutler_
Notary Public/Commissioner of the
Superior Court

ISABELLA HUFFSTUTLER
NOTARY PUBLIC OF CONNECTICUT
My Commission Expires 8/31/2023

## SECTION 6: FORM OF RESPONDENT'S ANSWER

The respondent must answer each and every allegation set out in the complaint. For each allegation the respondent should admit, deny or claim insufficient knowledge to answer. If the respondent admits or denies part of an allegation, it must do so even if it has insufficient knowledge as to another part of that allegation.

If the respondent denies an allegation, the Commission requests that it set out the facts on which it relies for the denial and attach any and all supporting documentation.

## SECTION 7: RIGHT TO INSPECT, COPY AND COMMENT

The parties have a right to inspect and copy documents in the Commission's case file except as provided in state or federal law and to provide written or oral comment on the evidence before the investigator issues a finding.

## SECTION 8: RIGHT TO ALTERNATE DISPUTE RESOLUTION

Although the Commission is available to assist you in settling this complaint, the parties may elect to use Alternative Dispute Resolution (ADR)at their own expense. ADR allows the parties to select a neutral third party to mediate and/or arbitrate their dispute. If you elect to pursue this process, the Commission will suspend its investigation into the complaint for a period of 90 days.

## SECTION 9: DUTY TO ACCEPT A MAKE WHOLE RELIEF OFFER

The Commission may dismiss a complaint if the complainant fails to accept a make whole relief offer. A make whole relief offer is one where the respondent has eliminated the discriminatory practice complained of, taken steps to prevent a like occurrence in the future and offered full relief to the complainant.

## SECTION 10:        RIGHT TO BRING ACTION TO ENFORCE AGREEMENT

State of Connecticut
Commission on Human Rights and Opportunities

A party to a conciliation agreement who believes the agreement is being violated with may bring an action to enforce the agreement in the Superior Court within one year of the violation.

## SECTION 11:            DUTY TO PROVIDE INFORMATION

The complainant has a duty to provide whatever information is in his or her possession or available by reasonable means to prove any allegation of the complaint that the respondent denies within 30 days of receipt of the respondent's answer.

The respondent has a duty to answer the complaint. While the Commission prefers that respondents provide all information in their possession or available by reasonable means voluntarily, the Commission has a right under statute to obtain information by subpoena or by other means if the information is not provided.

## SECTION 12:            RIGHT TO LEGAL REVIEW

Unless the Complainant requests a release of jurisdiction within 15 days from the sending of the notice of dismissal, any complaint dismissed at merit assessment will be automatically reviewed by an attorney in the Legal Division, who will reinstate or reject reinstatement of the complaint within 60 days of the transmittal of the notice of dismissal.

If the attorney rejects reinstatement of the complaint, a release of jurisdiction will be sent to the Complainant, allowing the Complainant to bring a civil action in Superior Court.

## SECTION 13:            DUTY TO PARTICIPATE IN MANDATORY MEDIATION

The Commission will schedule mandatory mediation in all cases that are retained after a merit assessment review. Both parties must participate. The purpose of mediation is to see whether there is a way the parties can agree to settle the dispute with-out having to conduct an investigation.

If the complainant fails to attend mandatory mediation without a showing of good cause the complaint may be dismissed. If the respondent fails to attend mandatory mediation without a showing of good cause the respondent may be defaulted.

## SECTION 14:            RIGHT TO REQUEST EARLY LEGAL INTERVENTION

If mediation was not successful, the Commission will assign an investigator to conduct an investigation within 15 days of the failure of mediation. At any time after an investigator is as-signed, the complainant, respondent or the Commission may ask for early legal intervention. Within 90 days, an attorney in the agency's Legal Division will determine whether the complaint should proceed directly to public hearing, whether an investigation should be conducted, or whether a release of jurisdiction should be issued.

## SECTION 15:            DUTY TO PARTICIPATE IN A FACT-FINDING CONFERENCE

A fact-finding conference is a hearing in which the investigator collects information that will help decide the case. If the investigator schedules fact-finding, it is the responsibility of the parties to bring any witnesses or documents that support your claims just as you would do if you had a trial in court.

State of Connecticut
Commission on Human Rights and Opportunities

If witnesses will not voluntarily attend, you may contact the investigator well ahead of the fact-finding to see whether the Commission will issue a subpoena. Represented parties should seek subpoenas through their private attorneys pursuant to CONN. GEN. STAT. § 51-85.

The Commission may default a respondent or dismiss a complaint for failure to attend a fact-finding conference without good cause.

## SECTION 16:    RIGHT TO COMMENT UPON DRAFT SUMMARY

Parties have 15 days from the mailing of the preliminary draft finding to provide comment. The investigator must consider any comment received from a party before issuing a final finding.

## SECTION 17:    RIGHT TO REQUEST RECONSIDERATION

If the Commission determines that there is no reasonable cause to believe that the respondent committed a discriminatory practice, the complainant has 15 calendar days from the date the notice of dismissal is sent to the parties to request that the Commission reconsider the dismissal. The request must be in writing and state specific reasons why reconsideration should be granted.

## SECTION 18:    RIGHT TO APPEAL

The complainant may appeal the dismissal of the complaint for no reasonable cause, for failure to attend mediation, after a final order of a human rights referee or after reconsideration is rejected. The Commission and the respondent may appeal after a final order of a human rights referee.

The appeal is to the Superior Court. Any appeal must strictly comply with all applicable statutory and other requirements.

## SECTION 19:    RIGHT TO BRING AN ACTION IN SUPERIOR COURT

Generally all complaints alleging illegal discrimination must be filed with the Commission. A complainant may, however, file an action directly in court if the action involves an alleged discriminatory state practice, housing discrimination, discriminatory credit practices or to enforce a conciliation agreement.

Complainants who file complaints with the Commission may request a release of jurisdiction of their state law claims and proceed to Superior Court if their complaint has been pending with the Commission for at least 180 days. They may also obtain a release prior to 180 days if they request

an expedited merit assessment review. The complainant and respondent may jointly request a release at any time after a complaint has been filed.

## ARTICLE II - COMMISSION PROCESSES AND PROCEDURAL DUTIES

## SECTION 1:    90 DAY MERIT ASSESSMENT REVIEW

Within 90 days of the filing of the answer, the Commission will conduct a merit assessment review. The purpose of the review is to determine if the complaint fails to state a claim for relief or is frivolous

State of Connecticut
Commission on Human Rights and Opportunities

on its face, if the respondent is exempt from the provisions of our law or if there is no reasonable possibility that further investigation will result in a finding of reasonable cause.

The merit assessment review will be based on the complaint, the respondent's answer and responses to the Commission's requests for information, and the complainant's comments to the respond-ent's answer and information responses.

If the Commission dismissed the complaint at merit assessment, a complainant may request a release of jurisdiction within 15 days of the sending of the notice of dismissal. A Commission attorney will review any complaint where a release is not requested. The attorney may reinstate or deny reinstatement of any dismissed complaint. The Commission will issue a release if a complaint is denied reinstatement.

## SECTION 2:  MANDATORY MEDIATION

Complaints that are not dismissed at merit assessment will be scheduled for mandatory mediation. The mediator will be an investigator in the regional office, a Commission legal counsel or other person qualified to mediate. When a complaint is scheduled for mandatory mediation, both parties must attend the session.

## SECTION 3: COMPLAINT PROCESSING OPTIONS

If mediation is not successful, the Commission will determine the best way to process the complaint. The Commission may conduct fact-finding, a complete investigation, a combination of fact-finding and investigation, or process the complaint through the early legal intervention program.

The Commission will investigate your complaint as quickly as it can. Except for early legal intervention, an investigator will make a written finding of reasonable cause or no reasonable cause for believing the claim or claims alleged in the complaint.

## SECTION 4:    FACT FINDING

A fact-finding conference is a bit like a trial, except that an investigator and not a judge is in control of the proceeding. Fact-finding gives the parties and their witnesses an opportunity to be heard under oath. A record of the conference will be kept as evidence. The investigator will question the witnesses, not the parties or their attorneys, unless the investigator allows otherwise.

At the conclusion of the conference the investigator will examine the evidence at hand and make a finding of reasonable cause or no reasonable cause. In some instances the investigator may elect to continue the fact-finding or request additional information before making a finding.

## SECTION 5: COMPLETE INVESTIGATION

The Commission may seek to process your complaint by conducting a complete investigation, which may include witness interviews, re-view of documents, requests for admissions of facts, site visits, interrogatories or any lawful method of findings facts.

State of Connecticut
Commission on Human Rights and Opportunities

## SECTION 6: DETERMINATION

If reasonable cause is found, the investigator will attempt to eliminate the discrimination complained of by conciliation within 50 days of the finding.  If conciliation is not successful, the investigator will certify the complaint and a public hearing will be held before a human rights referee.

If no reasonable cause is found, the Commission will dismiss the complaint and the Complainant has the right to request reconsideration or to appeal that decision.

## SECTION 7: EARLY LEGAL INTERVENTION

Instead of conducting an immediate fact-finding conference or investigation, the Commission may elect to have a Commission legal counsel consider how to process the complaint.  The options are to have the complaint proceed directly to public hearing; to conduct an investigation or issue a release of jurisdiction.

## SECTION 8: DISMISSING A COMPLAINT

The Commission may dismiss a complaint if the complainant, after notice and without good cause, fails to attend a fact-finding or mandatory mediation session or if the respondent has offered the complainant full relief.

## SECTION 9: DEFAULTING A RESPONDENT

The Executive Director may default a respondent if the respondent fails to timely answer a complaint, fails to respond to a subpoena or answer interrogatories (any timely filed objection will be considered) or, after notice and without good cause, fails to attend a fact-finding conference or mandatory mediation session. Upon the issuance of a default, a hearing will be held for the sole purpose of fashioning an order requiring the respondent to make the complainant whole and to eliminate the discriminatory practice.

# EXHIBIT #2



EXHIBIT
2

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Eunice Mukidi
**COMPLAINANT**

CHRO No. 2030433

vs.

EEOC No. 16A-2020-00728

Charlotte Hungerford Hospital
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: 9/10/2020

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant: umeugoand.associates@snet.net
Respondent: kasia.preneta@jacksonlewis.com
        alexa.farmer@jacksonlewis.com
        renee.jackson@jacksonlewis.com